UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED SATES OF AMERICA, | : | CASE NO. 17-CR-560 (PG) |
| Plaintiff, | : | JUDGE PÉREZ-GIMÉNEZ |
| vs. | : | |
| KEVIN X. ADORNO-VIERA, | : | |
| Defendant. | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

I.     **INTRODUCTION.**

KEVIN X. ADORNO-VIERA ("Defendant") is before the Court for sentencing pursuant to his plea of guilty to engaging in the business of dealing firearms without a license in violation of Title 18 U.S.C. §§ 922(a)(1)(A) and 923(a).

In *United States v. Booker*, 543 U.S. 220, 245 (2005), the Supreme Court's remedial opinion rendered the guidelines effectively advisory. The Court stressed that a sentencing court must still take the guidelines into account at sentencing along with the factors set forth in § 3553(a). *Id*. at 264. Subsequently, in *Gall v. United States*. 552 U.S. 38, 128 S.Ct. 586 (2007), the Court instructed that the sentencing court should first calculate the applicable guideline range. The sentencing court must then give both the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate." 128 S.Ct. at 590. The sentencing court should then consider all of the §

3553(a) factors to determine whether they support the sentence requested by either party. *Id*. In doing so, the sentencing court may not presume that the guideline range is reasonable. *Id*. In the event the sentencing court decides to impose a variance sentence, i.e., one outside of the recommended guidelines range, the sentencing court must consider the extent of the deviation and ensure that the degree of the variance is sufficiently justified. *Id*.

**II.     GUIDELINES CALCULATIONS.**

The probation officer has calculated the advisory guidelines as follows:

**COUNT ONE**

| | |
|---|---|
| Base offense level § 2K2.1(a)(4)(B) | 20 |
| Specific offense characteristics | |
| Trafficking firearm USSG § 2K2.1(b)(5) | +4 |
| Connection with another felony §2K2.1(b)(6)(B) | +4 |
| Acceptance of responsibility § 3E1.1(a) | - 3 |
| **TOTAL OFFENSE LEVEL** | **25** |
| Criminal History Category | III |
| Advisory Guideline Range | 70-87 months |

*A) Objection to the Presentence Report ("PSR") - Two-points to Defendant's Criminal History Score.*

The Probation Officer suggests two points are added to Defendant's criminal history score pursuant to USSG §4A1.1(d), asserting that Defendant committed the instant offense while under escape status. PSR, ¶33. The defense objects this calculation.

2

USSG § 4A1.1(d) specifies that two points are added if the defendant committed any part of the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. For the purposes of this subsection, a "criminal justice sentence" means a sentence countable under § 4A1.2 having a custodial or supervisory component. For example, a defendant who commits the <u>instant offense</u> while a violation warrant from a prior sentence is outstanding (e.g., a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision.

Here, at the time Defendant committed the <u>instant offense</u>, he was not under any criminal justice sentence. That is, Defendant was not serving a probationary term, parole, supervised release, imprisonment, work release, nor was he on escape status. Defendant's criminal history is outlined in ¶'s 27 through 31 of the PSR.

Hence, Defendant's criminal convictions result in a subtotal criminal history score of three. The total criminal history score is three. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of three establishes a criminal history category of II. Based upon a total offense level of 25 and a criminal history category of II, the guideline imprisonment range is 63 to 78 months. However, since the statutorily authorized maximum sentence is 60 months, less than the minimum applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence pursuant to USSG §5G1.1(a).

**III.    HISTORY AND CHARACTERISTICS OF DEFENDANT.**

Defendant is currently 23 years old. As an only child, Defendant suffered the consequences of his parent's separation after his birth. Given Defendant's father excessive use of alcohol and the use of controlled substances, his mother decided to split up.

Since the fourth grade, Defendant suffered mental health conditions. He was diagnosed with Hyperactive and Attention Deficit Disorder. He also suffered from anxiety, explosive impulse control, and passive aggressive behavior.

At age fifteen Defendant started smoking marijuana with his peers. His addiction quickly escalated to where he was smoking approximately one ounce up to whatever was available until he was arrested in this case. He mixed his marijuana use with Percocet and Xanax pills to control his anxiety. Despite this early beaten path, Defendant obtained his high school diploma.

Defendant has never participated of alcohol or substance abuse treatment and is willing to participate during the time he serves his sentence. He would also like to take vocational courses in aviation or auto mechanics or auto refrigeration or barber's course.

**IV.    NATURE AND CIRCUMSTANCES OF THE OFFENSE.**

Defendant understands the seriousness of this offense. He admitted that, not being a licensed dealer of firearms with the meaning of Chapter 44, Title 18, United States Code, he willfully engaged in the business of dealing in firearms, namely, a Bushmaster pistol,

model Carbon-15, 5.56mm caliber, bearing serial number D04478 and one (1) thirty (30) round magazine.

Defendant is repentant of his wrong doings. Defendant wants to be a better person and amend his past. As previously stated, while serving his sentence, Defendant would like to take advantage of the vocational courses offered. After his release, he wants to study, be a father to his son and re-establish a relationship with his family.

**V. THE NEED FOR THE SENTENCE IMPOSED.**

Defendant faces an imprisonment term of 60 months. Defendant submits this is a significant amount of time in custody for a first-time federal offender which will reflect the seriousness of the offense, promote respect for the law, as well as deter others from engaging in criminal activity of the same kind. Upon release he plans to get a fresh start and get away from the problems he has experienced in the past.

**VI. CONCLUSION.**

For the reasons stated above, Defendant requests a sentence of 60 months of imprisonment. This sentence constitutes a "sufficient but not greater than necessary" to comply with Congress's directives.

RESPECTFULLY SUBMITTED,

/s/ José B. Vélez Goveo
José B. Vélez Goveo (225901)
Vélez & Vélez Law Office
PO Box 7007, Bayamón, PR 00960
Jbvelez9@gmail.com

5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

<u>/s/ José B. Vélez Goveo</u>
José B. Vélez Goveo (225901)